UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

LONNIE FETTER                                   NUMBER 07-260-RET-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 17, 2010.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

LONNIE FETTER                                       NUMBER 07-260-RET-SCR


MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Vacate, Set Aside, or Correct Sentence filed on behalf of Lonnie Fetter pursuant to 28 U.S.C. § 2255.

Petitioner was charged in a two-count indictment with violating 18 U.S.C. § 1519, obstruction of justice, and 18 U.S.C. § 1001, making false statements. Petitioner pled guilty to making false statements in violation of § 1001(a)(2) (Count 2).[1]  On November 13, 2008, the petitioner was sentenced to 51 months imprisonment in the custody of the Bureau of Prisons. Petitioner did not appeal his conviction and sentence.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

Petitioner raised two grounds for relief in his § 2255 motion: (1) the district court erred in the determination of relevant conduct under the Sentencing Guidelines and the amount of

---

[1] Pursuant to the terms of the Plea Agreement, Count 1 was dismissed on the motion of the United States.

1

restitution ordered; and (2) denial of effective assistance of counsel.

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

**Application of the Sentencing Guidelines**

Petitioner argued the district court erred in the determination of relevant conduct under the Sentencing Guidelines and the amount of restitution ordered.

Petitioner's written plea agreement informed him of the right to appeal his sentence and that by entering into the plea agreement, he would forfeit that right, including a proceeding under 28 U.S.C. § 2255.[2]

---

[2] The plea agreement reserved the right to appeal "(a) any punishment imposed in excess of the statutory maximum; (b)any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court." Plea agreement, p. 3, ¶ 8. Petitioner also retained the right to bring a claim of ineffective assistance of counsel. *Id*. The guidelines range was calculated to be between 51 and 60 months. Petitioner was sentenced within the guidelines range.

It is well-established that a defendant may waive the right to appeal and collaterally attack a conviction and sentence, so long as the waiver is both knowing and voluntary.  *See, e.g., United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contract interpretation when construing plea agreements.")  A court must first determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement." *Bond*, 414 F.3d at 544.  A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence.  *See United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).

Rule 11, Fed.R.Crim.P. ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting it.[3]  *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002).  Petitioner has the burden to show (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights. *United States v. Marek*, 238 F.3d

---

[3] Rule 11(b)(1) provides, in pertinent part, that before accepting a guilty plea, "the court must inform the defendant of, and determine that the defendant understands, ... the nature of the charge to which the defendant is pleading ..., the maximum possible penalty ... any mandatory minimum penalty ..., the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances."

3

310, 315 (5th Cir. 2002).

Petitioner was rearraigned on February 6, 2008, represented by attorney Kathleen E. Petersen.  During the Rule 11 colloquy, the district judge informed the petitioner of the charge to which he intended to plead guilty.[4]  The district judge verified that the petitioner fully understood the charge and the sentencing ramifications of his guilty plea.[5]  Petitioner was adequately informed and aware of the consequences of his plea including the waiver of his right to appeal and to seek post-conviction relief.[6]

Petitioner's plea was knowingly and intelligently entered and the petitioner knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence and conviction.  *See Bond*, 414 F.3d 544.

**Ineffective Assistance of Counsel**

In his second ground for relief, the petitioner argued that he was denied effective assistance of counsel.  Specifically, the petitioner argued that counsel misled him when she advised him to accept the plea agreement, and in his opinion "she wrongly advised [him] not to pursue an appeal because it would go before the same judge and the sentence could be even harsher."

---

[4] Record document number 34, Transcript of Re-Arraignment, pp. 15-16.

[5] *Id.* at 16-18.

[6] *Id.* at 12-13.

To obtain relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

The same test applies when a petitioner alleges ineffective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985). To satisfy the second prong of this test, the petitioner must show that "there is reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370. To meet the prejudice prong, the defendant must affirmatively prove, and not merely allege, prejudice. *Bonvillain v. Blackburn,* 780 F.2d 1248, 1253 (5th Cir. 1986). Thus, "[e]ven where counsel has rendered totally

5

ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary.  In such a case there is 'no actual and substantial disadvantage' to the defense."  *United States v. Diaz,* 733 F.2d 371, 376 (5th Cir.1984) (quoting *Diaz v. Martin,* 718 F.2d 1372, 1379 (5th Cir. 1983)).

Petitioner did not allege, nor has he come forward with any evidence to establish, that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

At his re-arraignment the petitioner was clearly informed "that neither Ms. Petersen or anyone else can predict with any degree of accuracy the type of sentence that you would receive in this case because that is a matter that is entirely up [the trial judge]."[7]  Petitioner stated he understood that.[8]  Petitioner was also asked whether "anyone forced you, threatened you, or made promises to you to get you to plead guilty?"[9]  Petitioner answered, "No, your honor."[10]  Petitioner was asked, "Who decided that you would plead guilty?"[11]  Petitioner answered, "I did."[12]

---

[7] Re-arraignment transcript, p. 17.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

Petitioner did not allege that his attorney promised he would receive a particular sentence, and this is consistent with the petitioner's sworn testimony at his re-arraignment. Petitioner has not alleged any specific circumstances to refute, or which would cast doubt on, his sworn testimony.  At most, the petitioner had a hope or unilateral expectation of receiving a lesser sentence. Petitioner has not shown that there is a reasonable probability that had he known the sentence he would receive he would have not pleaded guilty and would have instead gone to trial on both counts of the indictment.[13]

Petitioner did not appeal, and he does not claim now that he asked his attorney to file a notice of appeal.  It is also clear from both the plea agreement[14] and the re-arraignment transcript[15] that the petitioner understood he waived his right to appeal the sentence, except in certain circumstances which do not apply in this case.  Because the petitioner knowingly and voluntarily waived his appeal rights, the advice of counsel to forego an appeal of his sentence was not objectively unreasonable.

---

[13] As the government correctly notes in its opposition memorandum, the  petitioner does not claim that he did not commit the crime of which he was convicted. Record document number 36, p. 12, n. 3.  Nor does the petitioner argue that the government would not have been able to prove that he committed the crimes charged in the indictment.

[14] Record document number 14, ¶ 8.

[15] *Id*. at 12-13.

7

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied.

Baton Rouge, Louisiana, May 17, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE